[Civ. No. 9319. Second Appellate District, Division One.—March 21, 1934.]

FRANK NEWMAN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, SCOTT BROS. WELL DRILLING COMPANY et al., Respondents.

Goldman & Lieberman and A. E. Coppleman for Petitioner.

Everett A. Corten for Respondents.

CONREY, P. J.—This is a petition for writ of review of an order terminating as of February 18, 1933, liability of respondent insurance carrier under a previously entered compensation award. Petitioner claims that the evidence is not sufficient to sustain the order.

The original injury occurred November 21, 1931, by reason of an abrasion at one side of the left heel, followed by infection. An award was made for temporary total disability and continuing to a stated date, "July 6, 1932, and indefinitely." There have been two applications to the commission for an order terminating the liability. The first of these applications was denied by order of December 14, 1932; the second application was filed February 20, 1933. By order of June 17, 1933, the liability was terminated

as of February 18, 1933. (It is conceded that although the date given in the order is February 18, 1932, that this was a clerical error.)

As shown by the return to the writ, the evidence in the instant proceeding before the commission consisted of the testimony of the employee Newman and certain reports of physicians. If there is any evidence, material to the issue and substantially tending to support the finding of the commission, then the order terminating the liability for compensation payments should be affirmed. The finding is that any disability suffered by reason of the injury had terminated at the time stated, and that any further disability complained of herein was not caused by said injury.

From an examination of the record, as shown by the return to the writ, it appears that the finding is sustained by the evidence; and particularly by the reports and opinions of some of the physicians, given after thorough examination into the facts of the case. All agree that the disability is temporary, although there is a difference of opinion about the extent of recovery attained.

The order is affirmed.

Houser, J., and York, J., concurred.